### THE T. N. NO. 78.

### THE FIDELITY.

· No. 13884.

District Court, E. D. New York.
Nov. 25, 1935.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan and Leo F. Hanan, both of New York City, of counsel), for libelants.

Platow, Lyon & Stebbins, of New York City (Edward F. Platow, of New York City, of counsel), for claimant.

GALSTON, District Judge.

On June 9, 1933, at about 8 p. m., the tank barge T. N. No. 78 was in Lock 17 of the New York Barge Canal at Little Falls, in tow of the tug Fidelity. The tug was made up to the stern of the barge, pushing the bow of the barge forward, and the tug's bow was at the center of the barge's stern. The usual lines and cables were out. The barge was loaded with 165,000 gallons of molasses. The barge was 138½ feet long, 38 feet wide, and drawing not more than 17 feet of water. The weather was clear.

The tow proceeded out of the lock at a usual speed. To the west of the lock there is a bend in the canal going in a southerly direction, which was starboard in relation to the course of the tug. and its tow. Instead of rounding the bend, the tug proceeded straight ahead and the barge brought up against the rocks on the southerly or port side of the bank.

The grounding and sinking of the barge are admitted.

The claimant urges that the grounding was not due to any fault or lack of care on its part. It is contended that the accident arose from the sheering of the barge across the canal. It is contended that a power house located near the place of the accident drew water power from the canal through a draft tube 9 feet by 5 feet and about 225 or 230 feet long, and from the level at which the barge was then operating, and had the top of the mouth of the draft tube about 10 feet below the surface of the water at a point about midway in the north wall. The claimant urges that the suction acting on the stern of the tug near the north wall caused the sheer which resulted in the accident. This defense is not alleged in the answer, but on the contrary it is therein stated that a strong easterly current struck the barge on her starboard side and caused her to sheer sharply to port. Foley's testimony does not support the contention that anything unusual was happening along the lock on the day in question. He said there was no current above the lock and that there never was any current there.

I see no adequate explanation in the record to meet the prima facie cause of negligence on the part of the tug made out from the grounding of the barge on the rocks, outside of the channel.

The libelant may have a decree. If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.